(50 South. 770.)

No. 17,926.

STATE ex rel. WOODS v. THERIOT, Registrar of Voters.

(Dec. 13, 1909.)

1. ELECTIONS (§ 98*)—REGISTRATION OF VOTERS.

An elector, who leaves the parish and precinct in which he is entitled to vote and removes to another parish, is not entitled to be registered in the parish and precinct from which he removes, after residing in the parish to which he removes for 10 months and while still residing there.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 98.*]

2. ELECTIONS (§ 95*)—REGISTRATION OF VOTERS—STATUTES.

The proviso, contained in section 35, Act No. 199, p. 465, of 1898, to the effect that "the name of no voter shall be stricken from the list of registration in any parish who has left said parish within six months of the time for holding the election; so that the elector shall not lose his right to vote in one parish before he has acquired his right to vote in another," cannot be sustained as establishing a rule in conflict with that established by article 167 of the Constitution.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 95.*]

3. ELECTIONS (§ 98*)—REGISTRATION OF VOTERS—QUALIFICATION.

No one is entitled to be registered as a voter who does not possess the qualifications required of a voter.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 93; Dec. Dig. § 98.*]

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; Paul Leche, Judge.

Application by the State, on the relation of Van A. Woods, for a writ of mandamus to Mark Theriot, Registrar of Voters. From a judgment denying the writ, relator appeals. Affirmed.

Pugh & Himel and Walter Lemann, for appellant. Philip H. Gilbert, Dist. Atty., for the State.

MONROE, J. Relator appeals from a judgment denying his application for a writ of mandamus ordering defendant to register him as a voter in the first ward of the parish of St. James. The ground upon which the application was denied is that relator had not resided in the First ward of the parish of St. James for six months preceding the date of his application. The admitted facts are:

"That, up to 10 months prior to the time he applied to be registered, relator was an actual bona fide resident of the state of Louisiana for two years, of the parish of St. James for one year, and of the First ward of the parish of St. James for six months; that relator is, at present, residing in the parish of East Baton Rouge, and has been residing there for the 10 months prior to the time he applied to be registered."

The Constitution provides:

"Art. 197. Every male citizen of this state and of the United States, native born or naturalized, not less than twenty-one years of age, and possessing the following qualifications, shall be an elector, and shall be entitled to vote at any election in this state, by the people,

STATE v. THERIOT.

except as may be herein, otherwise, provided: Section 1. He shall have been an actual bona fide resident of the state for two years, of the parish for one year, and of the precinct in which he offers to vote, six months, next preceding the election; provided that removal from one precinct to another, in the same parish, shall not operate to deprive any person of the right to vote in the precinct from which he has removed, until six months after such removal."

Save the proviso above quoted there is nothing in the Constitution which in any way qualifies the requirement that in order to entitle a person to vote, he shall have resided in the state for two years, in the parish for one year, and in the precinct for six months, and, as the exception contained in the proviso, is, by its terms, confined to cases of removal "from one precinct to another, in the same parish," it merely serves to emphasize the rule. In other words, if it had been the intention of the framers of the Constitution that a voter, moving from one parish to another, should not lose his right to vote in the parish a quo for 12 months, or that a voter leaving the state should not lose his right to vote in the state for two years, it is to be presumed that such intention would have found expression, just as did the intention that a voter, moving from one precinct to another in the same parish, should not lose his right to vote in the precinct from which he removes for six months.

As the matter stands, we are confronted with the unqualified requirements of the Constitution that, in order to entitle a person otherwise qualified to vote, he must have resided in the state for two years, and in the parish for one year, next preceding the election at which he offers to vote; and with the further requirement that he must have resided in the precinct in which he offers to vote for six months next preceding such election, to which there is provided the exception that, if he has not moved farther away than to another precinct in the same parish, he shall not lose his right to vote in the precinct from which he has removed for six months.

The relator does not measure up to any of these requirements, or fall within the single exception; but his counsel argue that neither the requirements nor the exception have anything to do with his right to be registered, and that he is entitled to be accorded the status of a registered voter, though he may have no right to vote.

According to our understanding of the matter, however, the theory of the constitutional and statutory provisions upon the subject of registration is to provide a method by which it may be ascertained, in advance, who shall have the right to vote at the elections, and it is the duty of the registrars to see to it that no one is allowed to become a registered voter who does not possess the qualifications required of a voter. If it were otherwise, any one, without regard to age, sex, nationality, or residence might be registered, and the registration laws would serve no purpose whatsoever.

Our attention is called to the proviso contained in section 35, Act No. 190, p. 465, of 1898, which reads, in part:

"That the assessors, supervisors and clerks of registration of each parish shall, within thirty days next preceding an election, strike from the registration the names of all voters who may have died, left the parish, or, from any cause, become ineligible as electors; provided, that the name of no voter shall be stricken from the list of registration who has left said parish within six months of the time for holding the election, so that the elector shall not lose his right to vote in one parish before he has acquired his right to vote in another."

The proviso can hardly be said to apply to the relator, since he left the parish of St. James ten months (and not within six months) prior to the date of his application for registration; but if it did apply to him, it could not be sustained as establishing a rule in conflict with that established by the Constitution, and according to which a person cannot vote in a parish unless he has resided there for two years next preceding the election at which he offers to vote, whereas, according to the idea expressed in the

concluding language of the proviso in the statute, the elector who leaves the parish should never lose his right to vote there, until he acquires such right in another parish, so that, not acquiring the right to vote in another parish, he would be entitled to vote in the parish that he leaves for the balance of his life, which he could spend elsewhere.

Judgment affirmed.